JUDGE BAER 10 CIV 2488

**ABRAHAM, FRUCHTER & TWERSKY, LLP**
Jack G. Fruchter (JF-8435)
Mitchell M.Z. Twersky (MT-6739)
One Pennsylvania Plaza, Suite 2805
New York, New York 10119
Telephone: (212) 279-5050
Fax: (212) 279-3655

Attorneys for Plaintiff

RECEIVED MAR 18 2010 U.S.D.C. S.D. N.Y. CASHIERS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

STEVEN GOLDSTEIN,

Plaintiff,

- against -

QVT ASSOCIATES GP LLC, QVT OVERSEAS LTD., QUINTESSENCE FUND L.P., QVT ASSOCIATES LP, QVT GLOBAL II L.P. and MEDIVATION, INC.,

Defendants.

-----------------------------------------------------------------x

Civil Action No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, by his attorneys, alleges, based upon knowledge with respect to the facts relating to him and upon information and belief with respect to all other allegations, as follows:

## INTRODUCTION

1. This action is brought pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), [15 U.S.C. §78p(b)] ("Section 16(b)") in order to recover short-swing insider trading profits realized by defendants Quintessence Fund L.P., QVT Associates LP, QVT Global II L.P., QVT Associates GP LLC and QVT Overseas Ltd. (collectively referred to as "QVT" or the "QVT Entities") while they were statutory insiders of Medivation, Inc. ("Medivation" or the "Company.") This action is not punitive in nature and instead only seeks to disgorge *profits* earned from the subject trading.

2. The QVT Entities are members of a group that together owned more than 10% of the outstanding common stock of Medivation. Accordingly, each of the QVT Entities are deemed to be the beneficial owner of Medivation Common Stock owned by the others. The QVT Entities, therefore, were each respectively statutory insiders of Medivation, and as such are each presumed to have had access to material non-public information concerning Medivation's operations and future business prospects. Section 16(b) seeks to prevent market manipulation by requiring such insiders to disgorge any profits they earn through short-swing insider trading (*i.e.*, purchases and sales within a six month period). Section 16(b) is a strict liability claim concerned with the potential for the misuse of inside information rather than the actual misuse of such information.

**PARTIES**

3. Plaintiff Steven Goldstein is a shareholder of Medivation.

4. Defendant Quintessence Fund L.P. ("Quintessence"), a Cayman Islands limited partnership, maintains its principal offices c/o QVT Financial LP, 1177 Avenue of the Americas, 9th Floor, New York, New York 10036.

5. Defendant QVT Associates LP ("QVT Associates LP"), maintains its principal offices c/o QVT Financial LP,1177 Avenue of the Americas, 9th Floor, New York, New York 10036.

6. Defendant QVT Global II L.P. ("QVT Global"), maintains its principal offices c/o QVT Financial LP, 1177 Avenue of the Americas, 9th Floor, New York, New York 10036.

7. Defendant QVT Associates GP LLC ("QVT Associates GP"), a limited liability company formed under the laws of the State of Delaware, maintains its principal offices at 1177

Avenue of the Americas, 9th Floor, New York, New York 10036. QVT Associates GP is the general partner of Quintessence Fund L.P., QVT Associates LP and QVT Global II L.P. and held a pecuniary interest in the securities owned by each of these funds.

8. Defendant QVT Overseas Ltd. ("QVT Overseas"), a corporation formed under the laws of the Cayman Islands, maintains its principal offices at Walkers SPV, Walkers House, 87 Mary Street, George Town, Grand Cayman KY1-9002. Defendants QVT Overseas, Quintessence, QVT Associates LP, QVT Global are collectively referred to herein as the "Funds."

9. Defendant Medivation, Inc. ("Medivation or the "Company") is a corporation formed under the laws of the State of Delaware and maintains its principal offices at 201 Spear Street, 3rd Floor, San Francisco, California 94105. The Company's common stock is registered with the Securities and Exchange Commission ("SEC") pursuant to Section 12 of the Exchange Act and its common stock ("Common Stock") trades on the NASDAQ under the symbol MDVN. Medivation is a necessary party and this action is brought by plaintiff in order to obtain a recovery for the Company.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court is proper pursuant to Section 27 of the Exchange Act [15 U.S.C. §78aa]. Venue is properly laid in this District because Defendants are located in this District.

## CLAIM FOR RELIEF

**The QVT Entities Were Statutory Insiders**
**Within The Meaning Of Section 16(b)**

11. The QVT Entities, directly or indirectly, acted together at all relevant times as a group with respect to acquiring, holding, voting and/or disposing of Medivation equity securities. This concerted action was facilitated through, among other things, QVT Financial LP ("QVT Financial"), which is the investment manager for the Funds. QVT Financial had the power to direct the vote and disposition of the Common Stock held by the Funds and, in fact, made all voting and investment decisions for the Funds. Additionally, QVT Associates GP, LLC was at all relevant times the general partner of the Quintessence, QVT Associates LP and QVT Global funds.

12. As the QVT Entities acted together at all relevant times with respect to the acquisition, holding, voting and/or disposition of Medivation equity securities, each of the QVT Entities are the beneficial owner of the shares of Common Stock beneficially owned by the others pursuant to Section 13(d) of the Exchange Act. Section 13(d) governs the determination of beneficial ownership for purposes of determining whether a person or entity is a more than 10% "beneficial owner" under Section 16 pursuant to Rule 16a-1(a)(1) promulgated by the SEC.

13. In a Schedule 13G/A filed with the SEC on January 24, 2008, QVT Financial LP, QVT Financial GP LLC, QVT Associates GP LLC and QVT Overseas Ltd. reported that as of January 23, 2008 they collectively owned 3,415,494 shares of Common Stock. As of February 14, 2008 Medivation had 28,837,290 shares outstanding. Therefore, QVT beneficially owned more than 10% of the outstanding Common Stock.

14. In a Schedule 13G/A filed with the SEC on February 12, 2009, QVT reported that as of December 31, 2008, QVT Overseas owned 2,155,391 shares of Common Stock and Quintessence, QVT Associates LP and QVT Global II owned an aggregate amount of 2,261,712 shares of Common Stock. Consequently, QVT beneficially owned 4,434,723[1] shares of Common Stock or approximately 14.75% of the Common Stock. QVT remained subject to Section 16(b) throughout the relevant time period.

15. In a Schedule 13G/A filed with the SEC on February 12, 2010, QVT Financial LP, together with its general partner QVT Financial GP LLC, QVT Associates GP LLC and QVT Overseas reported that various QVT funds owned 3,751,251 shares - or approximately 11.19% - of Common Stock as of December 31, 2009. The filing indicates that QVT Overseas owns 1,299,321 shares and Quintessence, QVT Overseas II L.P., QVT Associates II LP and QVT International II L.P. owned 2,451,930 shares. At no time does QVT Financial LP or any other QVT entity disclose the circumstances surrounding QVT Overseas II L.P., QVT Associates II LP and QVT International II's acquisition of Common Stock or, the current holdings of Common Stock by QVT Associates LP and QVT Global II.

**The QVT Entities Purchase and Sell Medivation Common Stock**

16. In a Schedule 13F-HR for the period ended March 31, 2008, QVT Financial LP reported that as an institutional investment manager it held 3,852,283 shares of Common Stock. The shares of Common Stock reported by QVT Financial LP were, in turn, beneficially owned by the Funds as reported in the Schedules 13G/A referenced above.

---

1 QVT Financial is the investment manager for a separate discretionary account managed for a third party which held an additional 17,620 shares of Common Stock.

17. In a Schedule 13F-HR for the period ended June 30, 2008, QVT Financial LP reported that it held 4,720,626 shares of Common Stock. Therefore, in the three month period between April 1, 2008 and June 30, 2008, the QVT Entities acquired a net total of at least 868,343 shares of Common Stock. Medivation's closing Common Stock price during this period ranged from a low of $11.83 per share to a high of $16.80 per share.

18. In a Schedule 13F-HR for the period ended September 30, 2008, QVT Financial LP reported that it held 4,261,555 shares of Common Stock. Therefore, in the three month period between July 1, 2008 and September 30, 2008, the QVT Entities disposed of a net total of at least of 459,071 shares of Common Stock. Medivation's closing Common Stock price during this period ranged from a low of $11.93 per share to a high of $33.84 per share.

19. In a Schedule 13F-HR for the period ended December 31, 2008, QVT Financial LP reported that it held 4,434,723 shares of Common Stock. Therefore, in the three month period between October 1, 2008 and December 31, 2008, the QVT Entities acquired a net total of at least 173,168 shares of Common Stock. Medivation's closing Common Stock price during this period ranged from a low of $12.18 per share to a high of $25.88 per share.

20. In a Schedule 13F-HR for the period ended March 31, 2009, QVT Financial LP reported that it held 4,334,723 shares of Common Stock. Therefore, in the three month period between January 1, 2009 and March 31, 2009, the QVT Entities disposed of a net total of at least 100,000 shares of Common Stock. Medivation's closing Common Stock price during this period ranged from a low of $14.11 per share to a high of $22.91 per share.

21. In a Schedule 13F-HR for the period ended June 30, 2009, QVT Financial LP reported that it held 4,665,216 shares of Common Stock. Therefore, in the three month period

between April 1, 2009 and June 30, 2009, the QVT Entities acquired a net total of at least 330,493 shares of Common Stock. Medivation's closing Common Stock price during this period ranged from a low of $17.88 per share to a high of $25.00 per share.

22. In a Schedule 13F-HR for the period ended September 30, 2009, QVT Financial LP reported that it held 4,074,842 shares of Common Stock. Therefore, in the three month period between July 1, 2009 and September 30, 2009, the QVT Entities disposed of a net total of at least 590,374 shares of Common Stock. Medivation's closing Common Stock price during this period ranged from a low of $22.50 per share to a high of $27.73 per share.

23. The foregoing purchases and sales may be matched against one another using the "lowest in, highest out" method to yield profits recoverable from Defendants, to the extent of their respective pecuniary interests therein, under Section 16(b) with the exact amount of those profits to be determined upon discovery.

24. As a consequence of the QVT Entities failure to file Form 4s with the SEC the number of shares purchased and sold by each of the defendant funds during the relevant time period is currently unknown. Nonetheless, it is apparent from various SEC filings by QVT Financial LP that the QVT Entities engaged in multiple purchases and sales of Common Stock, for example:

(a) As of December 27, 2007 Overseas owned 1,256,281 shares of Common Stock, while on January 15, 2008, it owned 1,357,254 shares of Common Stock. On January 23, 2008 Overseas owned 1,455,275 shares and on December 31, 2008 it owned 2,155,391 shares. Finally, on December 31, 2009 Overseas owned 1,299,321 shares of Common Stock; and

(b) Similarly, as of January 15, 2008, Quintessence, QVT Associates LP and QVT Global II collectively owned 1,465,452 shares of Common Stock. On January 23, 2008 they owned 1,571,288 shares and on December 31, 2008 they owned 2,261,712 shares. Finally, on December 31, 2009 a revised group of QVT funds - Quintessence, QVT Overseas II LP, QVT Associates II LP and QVT International II LP – was reported to own 2,451,930 shares of Common Stock.

25. Accordingly, Defendants realized short-swing profits from these purchases and sales of Common Stock that are disgorgeable to the Company.

## BASIS FOR INFORMATION AND BELIEF

26. Plaintiff's information and belief is based on, among other things: (a) Schedules 13F-HR filed by QVT Financial LP with the SEC on May 15, 2008, August 14, 2008, November 14, 2008, February 13, 2009, May 15, 2009, August 14, 2009 and November 16, 2009; and (b) Schedules 13G/A filed by QVT Financial LP, QVT Financial GP LLC, QVT Associates GP LLC and QVT Overseas Ltd. with the SEC on January 24, 2008, February 12, 2009 and February 12, 2010.

## ALLEGATIONS AS TO DEMAND

27. On December 17, 2009, demand for prosecution was made on Medivation based on the facts alleged above (the "Demand"). On February 4, 2010, counsel for the defendants responded to the Demand asserting that "none of QVT's advised funds . . . directly or beneficially owned more than 10% of the registered class of Medivation Stock during the Period. Therefore, the QVT funds are not subject to Section 16."

28. On February 12, 2010 Plaintiff's counsel wrote again to Medivation explaining that as a consequence of shared management, the QVT advised funds acted as a group within the meaning of Sections 13(d) and 16. Therefore, each entity is deemed to be the beneficial owner of all Company equity securities owned by the other members of the group resulting in each fund beneficially owning more than 10% of the Company's outstanding stock.

29. On February 18, 2010 Defendants' counsel responded that "each of the QVT advised funds is a party to a separate and distinct Investment Management Agreement with QVC pursuant to which each separate fund has delegated *all* of its investment and voting authority to QVT." Consequently, "no authority remains by which the QVT advised funds could act at all, let alone as a group." That same day Plaintiff's counsel requested that Defendants "provide us with copies of each of the QVT advised funds' Investment Management Agreement with QVT referenced in your today's letter to support your contention that the advised funds are not subject to Section 16(b)." Defendants have not yet responded to that request.

30. Contrary to Defendants' position, pursuant to SEC Rule 16a-1(a)(1), 17 C.F.R. § 240.16a-1(a)(1), and Sections 13(d)(1) and 13(d)(3) of the Exchange Act, 15 U.S.C. §§ 78(d)(1) and 78(d)(3), the QVT Entities are each deemed the beneficial owners of the Medivation securities they own as well as the Medivation securities owned by the others.

30. More than sixty days have passed from the date of the Demand and the Company has failed to recover the profits alleged herein or to institute a lawsuit to recover those profits.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against Defendants in an amount to be determined at trial, plus pre-judgment interest, post-judgment interest and such other and further relief as this Court may deem just and proper.

DATED this 18th day of March, 2010.

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

By: ______________________

Jack G. Fruchter (JF-8435)
Mitchell M.Z. Twersky (MT-6739)
One Pennsylvania Plaza, Suite 2805
New York, New York 10119
Tel.: (212) 279-5050
Fax: (212) 279-3655

Attorneys for Plaintiff