**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| STEVEN GOLDSTEIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 10-cv-02488-HB |
| | ) |
| QVT ASSOCIATES GP LLC, QVT OVERSEAS | ) |
| LTD., QUINTESSENCE FUND L.P., QVT | ) |
| ASSOCIATES LP, QVT GLOBAL II L.P., and | ) |
| MEDIVATION, INC., | ) |
| | ) |
| Defendants. | ) |

_____

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**
**TO THE COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendants QVT ASSOCIATES GP LLC, QVT OVERSEAS LTD., QUINTESSENCE

FUND L.P., QVT ASSOCIATES LP, and QVT GLOBAL II L.P. ("Defendants"), by their

attorneys, answer the Complaint as follows.  Defendants deny each and every allegation not

specifically admitted, and in every respect deny liability, deny that they engaged in any improper

conduct, and deny that Plaintiff is entitled to relief.

All allegations contained in headings, or otherwise outside of numbered paragraphs, are

also denied to the extent response to them is required.  Defendants respond to the specifically

numbered allegations of the Complaint as follows:

1.      Paragraph 1 contains a characterization of the Complaint to which no response is

required.  Defendants otherwise deny each and every allegation contained in Paragraph 1.

2.      Defendants deny each and every allegation contained in the first three sentences

of Paragraph 2.  The remaining sentences of Paragraph 2 contain legal conclusions to which no

response is required.  Defendants otherwise deny each and every allegation contained in Paragraph 2.

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and on that basis deny them.

4.      Defendants deny the allegations contained in Paragraph 4.

5.      Defendants admit the allegations contained in Paragraph 5.

6.      Defendants deny the allegations contained in Paragraph 6.

7.      Defendants admit that QVT Associates GP LLC ("QVT Associates GP") is a limited liability company formed under the laws of the State of Delaware, that maintains its principal offices at 1177 Avenue of the Americas, 9th Floor, New York, New York 10036. Defendants admit the allegations contained in the second sentence of Paragraph 7.

8.      Defendants admit the allegations contained in the first sentence of Paragraph 8. The second sentence of Paragraph 8 contains a defined term to which no response is required.

9.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and on that basis deny them.

10.     Paragraph 10 contains legal conclusions to which no response is required.

11.     Defendants deny each and every allegation contained in the first two sentences of Paragraph 11.  Defendants admit that QVT Financial LP is the investment manager for Quintessence Fund L.P., QVT Associates LP, QVT Global II L.P. and QVT Overseas Ltd., and refer to the respective investment management agreements for the provisions thereof. Defendants further state that QVT Financial LP at all times acted in accordance with such investment management agreements.  Defendants deny the remaining allegations contained in Paragraph 11.

12.     Paragraph 12 contains legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in Paragraph 12.

13.     The first sentence of Paragraph 13 purports to summarize a Schedule 13G/A filed with the SEC on January 24, 2008.  That document speaks for itself, and Defendants deny that Paragraph 13 contains a complete or accurate summary of that document.  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 13, and on that basis deny them.  The final sentence of Paragraph 13 contains legal conclusions to which no response is required.  Defendants otherwise deny each and every allegation contained in Paragraph 13.

14.     The first two sentences of Paragraph 14 purport to summarize a Schedule 13G/A filed with the SEC on February 12, 2009.  That document speaks for itself, and Defendants deny that Paragraph 14 contains a complete or accurate summary of that document.  The final sentence of Paragraph 14 contains legal conclusions to which no response is required.  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in footnote 1 as a result of the failure to specify a relevant time period, and on that basis deny them. Defendants otherwise deny each and every allegation contained in Paragraph 14.

15.     Paragraph 15 purports to summarize a Schedule 13G/A filed with the SEC on February 12, 2010.  That document speaks for itself, and Defendants deny that Paragraph 15 contains a complete or accurate summary of that document.  Defendants otherwise deny each and every allegation contained in Paragraph 15.

16.     Paragraph 16 purports to summarize a Schedule 13F-HR.  That document speaks for itself, and Defendants deny that Paragraph 16 contains a complete or accurate summary of that document.  The second sentence of Paragraph 16 also contains legal conclusions to which no

response is required.  Defendants otherwise deny each and every allegation contained in Paragraph 16.

17.     Paragraph 17 purports to summarize a Schedule 13F-HR.  That document speaks for itself, and Defendants deny that Paragraph 17 contains a complete or accurate summary of that document.  Defendants lack information or knowledge sufficient to form a belief as to the truth of allegations contained in the third sentence of Paragraph 17.

18.     Paragraph 18 purports to summarize a Schedule 13F-HR.  That document speaks for itself, and Defendants deny that Paragraph 18 contains a complete or accurate summary of that document.  Defendants lack information or knowledge sufficient to form a belief as to the truth of allegations contained in the third sentence of Paragraph 18.

19.     Paragraph 19 purports to summarize a Schedule 13F-HR.  That document speaks for itself, and Defendants deny that Paragraph 19 contains a complete or accurate summary of that document.  Defendants lack information or knowledge sufficient to form a belief as to the truth of allegations contained in the third sentence of Paragraph 19.

20.     Paragraph 20 purports to summarize a Schedule 13F-HR.  That document speaks for itself, and Defendants deny that Paragraph 20 contains a complete or accurate summary of that document.  Defendants lack information or knowledge sufficient to form a belief as to the truth of allegations contained in the third sentence of Paragraph 20.

21.     Paragraph 21 purports to summarize a Schedule 13F-HR.  That document speaks for itself, and Defendants deny that Paragraph 21 contains a complete or accurate summary of that document.  Defendants lack information or knowledge sufficient to form a belief as to the truth of allegations contained in the third sentence of Paragraph 21.

22.     Paragraph 22 purports to summarize a Schedule 13F-HR.  That document speaks for itself, and Defendants deny that Paragraph 22 contains a complete or accurate summary of that document.  Defendants lack information or knowledge sufficient to form a belief as to the truth of allegations contained in the third sentence of Paragraph 22.

23.     Paragraph 23 contains legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in Paragraph 23.

24.     Paragraph 24 and its subparagraphs purport to summarize information appearing in various documents.  The documents speak for themselves, and Defendants deny that Paragraph 24 contains complete or accurate summaries of the documents or their relevant portions.  Defendants otherwise deny each and every allegation contained in Paragraph 24, including the subparagraphs.

25.     Defendants deny each and every allegation contained in Paragraph 25.

26.     Paragraph 26 purports to summarize information appearing in various documents. The documents speak for themselves.  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, and on that basis deny them.

27.     Defendants deny each and every allegation contained in the first sentence of Paragraph 27.  The second sentence of Paragraph 27 purports to summarize a letter.  That document speaks for itself, and Defendants deny that Paragraph 27 contains a complete quotation of the relevant portions of that document.

28.     The first sentence of Paragraph 28 purports to summarize a letter.  That document speaks for itself, and Defendants deny that the sentence contains a complete and accurate summary of the relevant portions of that document.  The second sentence of Paragraph 28

contains legal conclusions to which no response is required.  Defendants otherwise deny each and every allegation contained in Paragraph 28.

29.     Paragraph 29 purports to summarize a letter.  That document speaks for itself, and Defendants deny that Paragraph 29 contains a complete and accurate quotation of the relevant portions of that document.  Defendants admit that as of the date the Complaint was filed, they had not provided Plaintiff's counsel with investment management agreements, and they were under no duty to do so.

30.     Paragraph 30 contains legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in Paragraph 30.

31.     Defendants deny the allegations contained in the second Paragraph 30 of the Complaint, except admit that Medivation did not file suit against Defendants.

## AFFIRMATIVE DEFENSES

Defendants do not admit that they bear the burden of proving any of the defenses set forth below.  Defendants do not waive any affirmative defenses, and reserve the right to assert any and all affirmative defenses that may be available after reasonable discovery.

### First Affirmative Defense

This action is barred in whole or in part because Plaintiff lacks standing.

### Second Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

The claims asserted in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or laches.

### Fourth Affirmative Defense

The claims asserted in the Complaint are barred in whole or in part because, at all times, Defendants complied with all relevant securities laws and regulations.

### Fifth Affirmative Defense

The claims asserted in the Complaint are barred in whole or in part because none of the Defendants was the beneficial owner of more than 10% of Medivation's common stock.

### Sixth Affirmative Defense

The claims asserted in the Complaint are barred in whole or in part because Defendants did not form a group.

### Seventh Affirmative Defense

The claims asserted in the Complaint are barred in whole or in part because of the absence or inadequacy of demand, and/or the inconsistencies between the claims asserted in purported demand letters and the claims asserted in the Complaint.

WHEREFORE, Defendants respectfully pray that the Court enter a judgment as follows:

   a)   Enter Final Judgment in favor of Defendants and against Plaintiff Steven Goldstein;

   b)   Award Defendants their attorneys' fees, costs, and expenses; and

   c)   Award Defendants whatever further and additional relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all causes of action and/or issues so triable.

Respectfully submitted on behalf of each of,

QVT Associates GP LLC,
QVT Overseas Ltd.,
Quintessence Fund L.P.,
QVT Associates LP, and
QVT Global II L.P.,

By their attorneys,

*/s/ Michael G. Bongiorno*
Michael G. Bongiorno (MB-6626)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Tel:  (212) 230-8800
Fax:  (212) 230-8888
michael.bongiorno@wilmerhale.com

Dated:  October 29, 2010

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

———————————————————————————
                                                    )
STEVEN GOLDSTEIN,                                   )
                                                    )
     Plaintiff,                                   )
                                                    )
v.                                                  )    C.A. No. 10-cv-02488-HB
                                                    )
QVT ASSOCIATES GP LLC, QVT OVERSEAS                 )
LTD., QUINTESSENCE FUND L.P., QVT                   )
ASSOCIATES LP, QVT GLOBAL II L.P., and              )
MEDIVATION, INC.,                                   )
                                                    )
     Defendants.                                  )
———————————————————————————)

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that a true and correct copy of Defendants' Answer and Affirmative

Defenses was served upon the following counsel of record, electronically and via Federal

Express.

     Abraham, Fruchter & Twersky, LLP
     Jack G. Fruchter
     Philip T. Taylor
     Ximena R. Skovron
     One Penn Plaza, Suite 2805
     New York, New York 10119


                         */s/ Timothy Perla*_____
                         Timothy Perla

Dated:  October 29, 2010